```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
KENNETH G. WALSH              :    Civ. No. 3:16CV00945(AWT)
                              :
v.                            :
                              :
THOMAS ST. DENIS              :    March 2, 2017
                              :
------------------------------x
```

**<u>RULING ON PLAINTIFF'S MOTION FOR ALTERNATE SERVICE [Doc. #28]</u>**

Pending before the Court is the motion of plaintiff Kenneth G. Walsh ("plaintiff") for permission to serve defendant Thomas St. Denis ("defendant") by alternative means pursuant to Federal Rule of Civil Procedure 4(f)(3). [Doc. #28]. Plaintiff also requests, if necessary, additional time in which to serve defendant under Federal Rule of Civil Procedure 4(m). <u>See</u> <u>id.</u> (hereinafter the "Motion for Alternate Service"). On February 14, 2017, Judge Alvin W. Thompson referred this motion to the undersigned. [Doc. #29]. For the reasons articulated below, the Court **GRANTS** plaintiff's Motion for Alternate Service [**Doc. #28**].

1.  **Background**

The Court presumes familiarity with the factual background of this mater, but briefly addresses the procedural history leading to the present motion.

1

Plaintiff commenced this action on June 16, 2016. [Doc. #1]. On September 2, 2016, plaintiff, having conflicting information regarding defendant's whereabouts, attempted service of the Complaint on defendant via Connecticut's long-arm statute, Conn. Gen Stat. §52-59b(c).[1] See Doc. #20 at 3; see also Doc. #7 (return of process). Defendant has not filed an appearance in this matter or answered the Complaint.

On October 6, 2016, plaintiff filed a motion for entry of default pursuant to Federal Rule of Civil Procedure 55(b) [Doc. #8], which the Clerk of the Court granted on October 12, 2016 [Doc. #13]. On November 14, 2016, plaintiff filed a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b). [Doc. #12]. Defendant has not responded to this motion. On December 21, 2016, Judge Thompson referred the motion for default judgment to the undersigned. [Doc. #15]. On December 22, 2016, this Court entered an Order scheduling an evidentiary hearing on the motion for default judgment, which required plaintiff to submit a pre-hearing memorandum of law. See Doc.

---

[1] Plaintiff intended to serve defendant in-hand when defendant was scheduled to appear and testify in a proceeding initiated by defendant under the Convention on the Civil Aspects of International Child Abduction. See St. Denis v. St. Denis, No. 16CV441(VAB) (D. Conn. March 16, 2016). However, after defendant repeatedly postponed his appearance, and unsuccessfully sought a limited protective order prohibiting his ex-wife from serving process on him in other litigation, see id. at Doc. ##83, 91, 97, it became apparent that defendant likely would not personally appear in this District. See Doc. #28 at 3-4

#18. This Order required plaintiff to provide the Court with specific information, including: "a discussion of how service of process of the complaint was accomplished, with supporting affidavits if necessary, and the legal authority explaining why that service of process was sufficient[.]" Id. at ¶2.

On January 10, 2017, counsel for plaintiff caused the Court's December 22, 2016, Order to be served on an address believed to belong to defendant via Federal Express, international priority. See Doc. #21. On January 20, 2017, the Court held an evidentiary hearing on plaintiff's motion for default, at which defendant did not appear. [Doc. #24]. At the time of the January 20, 2017, evidentiary hearing, it was unclear whether the Federal Express package had been delivered to defendant at his claimed address in Brazil. Counsel for plaintiff represented that the Court's Order had additionally been sent to defendant via two separate email addresses.

On January 30, 2017, the Court entered an order regarding the sufficiency of service of process in this matter, as the Court was unable to determine whether service of process had been sufficient. See Doc. #26. Specifically, the Court found that, "if, at the time process was served, defendant was residing in Brazil, the record does not clearly demonstrate that plaintiff employed the appropriate means by which to serve a

defendant in a foreign country." Doc. #26.[2] As such, the Court ordered plaintiff to "supplement the record with any evidence that service of process on defendant was sufficient[,]" and at plaintiff's option, to provide "additional legal authority supporting the sufficiency of service of process." Id. at 6-7. In response to this Order, plaintiff "acknowledge[d] that service of process, although attempted in good faith, ha[d] been unsuccessful." Doc. #28 at 1. Accordingly, because defendant purportedly now resides in Brazil, plaintiff moves for permission to effectuate service by alternative means pursuant to Federal Rule of Civil Procedure 4(f)(3). See Doc. #28. Plaintiff also seeks additional time in which to serve defendant, pursuant to Rule 4(m), if necessary. See id.

**2.  Applicable Law**

Rule 4(f) of the Federal Rules of Civil Procedure sets forth the following procedures for serving an individual in a foreign country:

> Unless federal law provides otherwise, an individual... may be served at a place not within any judicial district of the United States:
>
> **(1)** by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

---

[2] The Court credits the representations of counsel that in light of the conflicting information then available to him, he made diligent efforts to timely, and properly, serve defendant.

>**(2)** if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>**(A)** as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>**(B)** as the foreign authority directs in response to a letter rogatory or letter of request; or
>**(C)** unless prohibited by the foreign country's law, by:
>**(i)** delivering a copy of the summons and of the complaint to the individual personally; or
>**(ii)** using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>**(3)** by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). "Generally, there is no hierarchy among the subsections in Rule 4(f). Service under subsection (3) is 'neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant.'" Advanced Aerofoil Techs., AG v. Todaro, No. 11CV9505(ALC)(DCF), 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012) (quoting Rio Props. v. Rio Int'l Interlink, 284 F.3d 1007, 1015 (9th Cir. 2002)).

"An alternative method of service under Rule 4(f)(3) 'is acceptable if it (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process.'" Fisher v. Petr Konchalovsky Found., No. 15CV9831(AJN), 2016 WL 1047394, at *2 (S.D.N.Y. Mar. 10, 2016) (quoting S.E.C. v. China Intelligent Lighting & Elecs., Inc.,

5

No. 13CV5079(JMF), 2014 WL 338817, at *1 (S.D.N.Y. Jan. 30, 2014)). To comport with constitutional notions of due process, the means by which alternative service is effectuated "must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Pfizer Inc. v. Domains By Proxy, No. 3:04CV741(SRU), 2004 WL 1576703, at *1 (D. Conn. July 13, 2004) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). "The decision of whether to order service of process under Rule 4(f)(3) is committed to the sound discretion of the district court." Stream SICAV v. Wang, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

3. **Discussion**

Here, defendant is purportedly a permanent resident of Brazil, but frequently travels and maintains other residences around the world. See Doc. #28 at 3-6; see also Doc. #28-1, February 10, 2017, Declaration of Kenneth G. Walsh ("Walsh Decl.") at ¶¶5-6. Accordingly, plaintiff requests permission to effectuate service by sending a copy of the Complaint, summons and other introductory orders by the following means: (1) certified mail, return receipt requested, to the Florida address from which defendant's companies currently operate; (2) certified mail, return receipt requested, to the Connecticut

attorney who is representing defendant in a Connecticut family court matter; and (3) by email, directly to defendant, using two email addresses believed to be actively monitored by defendant. See Doc. #28 at 6-7.

As noted, defendant is allegedly a permanent resident of Brazil. See St. Denis, No. 16CV441(VAB), Doc. #16 at ¶8 (March 4, 2016, Affidavit of Thomas St. Denis in support of Motion to Dismiss: "By the summer of 2014, as a Brazilian citizen, I left the USA and established my permanent legal residence and abode in Brazil[.]"); id. at ¶35 ("My residence and primary abode is in Brazil."); see also St. Denis, No. 16CV441(VAB), Doc. #17 at ¶25 (March 15, 2016, Supplemental Affidavit of Thomas St. Denis in Support of Motion to Dismiss: "I have maintained a consistent residence in Brazil since 2013. I do not have a residence in the United States.").

"The United States and Brazil both are parties to the Inter-American Convention on Letters Rogatory, Jan. 30, 1975, and the Additional Protocol to the Inter-American Convention on Letters Rogatory, May 8, 1979." (hereinafter the "Convention"). Manela v. Garantia Banking Ltd., 940 F. Supp. 584, 593 n.16 (S.D.N.Y. 1996). Although this Convention "provides for service via letters rogatory[,]" J.B. Custom, Inc. v. Amadeo Rossi, S.A., No. 1:10CV326, 2011 WL 2199704, at *2 (N.D. Ind. June 6, 2011), it is significant that the Convention "does not prohibit

7

alternate means of service." Lyman Morse Boatbuilding Co. v. Lee, No. 2:10CV337(DBH), 2011 WL 52509, at *3 (D. Me. Jan. 6, 2011) (citing Kreimerman v. Casa Veerkamp, S.A. de C.V., 22 F.3d 634, 640 (5th Cir. 1994)); see also Russell Brands, LLC v. GVD Int'l Trading, SA, 282 F.R.D. 21, 24 (D. Mass. 2012) ("Although ... both Brazil and the United States are parties to the Convention, the Fifth Circuit, the only circuit court to address the issue, has held that letters rogatory are not the exclusive means for serving process in signatory countries. ... The Court agrees." (citing Kreimerman, 22 F.3d at 639)); SA Luxury Expeditions, LLC v. Latin Am. for Less, LLC, No. 14CV04085(WHA), 2015 WL 4941792, at *1 (N.D. Cal. Aug. 19, 2015) ("Although the Inter-American Convention and the Additional Protocol provide for the service of process by way of letters rogatory, every court that has addressed the question has found that the convention and additional protocol do not preclude service by other means.") (citing Krierman, 22 F.3d at 647)). Accordingly, plaintiff may effectuate service by alternative means, provided that the proposed procedure "comports with constitutional notions of due process." Fisher, 2016 WL 1047394, at *2.

    The Court finds that the method of service proposed by plaintiff comports with constitutional notions of due process as it is reasonably calculated, under the circumstances, to apprise defendant of the pendency of this action and afford defendant an

opportunity to present his objections. This is particularly true where, as here, defendant appears for all intents and purposes to be avoiding service of process in this District.[3] Not only will defendant receive direct notice of the pendency of this action via two active email accounts, see Doc. #28-2, Klingman Decl. at ¶5, but one of his current attorneys will also receive notice of the pendency of this action. See id. at ¶6; see also Doc. #28-2 at 9-10.[4] Plaintiff will also take the additional step of mailing process to defendant at the current address of record for his two companies. See Doc. #28-2, Klingman Decl. at ¶7; see also Doc. #28-2 at 13.

Courts in other districts have sanctioned similar means of alternative service on defendants who reside in countries

---

[3] For example, defendant refused to accept delivery of the Federal Express package containing the Court's Order Regarding Evidentiary Hearing and other default-related documents. See Doc. #28-2, February 10, 2017, Declaration of Patrick A. Klingman ("Klingman Decl.") at ¶4 ("I contacted FedEx to determine the status of my January 10, 2017 shipment to Defendant. I was told that delivery of the package was refused by Defendant and that the package had been shipped back."); see also Doc. #28-2 at 6 (FedEx tracking receipt reflecting recipient refused delivery on January 17, 2017). There is also evidence of record that defendant is actively evading service of process in another actions pending against him. See Doc. #28-1, Walsh Decl. at ¶¶7, 11.

[4] Attorney Klingman's Declaration notes that defendant's counsel in the Connecticut State Court matter had filed a motion to withdraw her appearance. See Doc. #28-2, Klingman Decl. at ¶6. However, that proceeding's docket reflects that the motion to withdraw was denied on February 10, 2017. See St. Denis v. St. Denis, No. FST-FA16-6027376-S (Conn. Super. Ct. Feb. 10, 2017).

subject to the Convention, finding that the proposed process comports with constitutional notions of due process. For example the District of Maine permitted alternative service on a Brazilian resident who had been avoiding service. See Lyman, 2011 WL 52509, at *3. In ordering alternative service under Rule 4(f)(3), the Court noted that because plaintiff had instructed his attorneys not to accept service on his behalf, "[i]t may reasonably be assumed that he will reject any attempt at personal service, and it is clear that any attempt at formal service through the Brazilian judicial system will be, if not fruitless, prolonged for such an extensive period of time that evidence and testimony may well be affected." Id. Accordingly, the Court ordered plaintiff to "make service in hand upon the defendant's [local] attorneys ... and by certified 'next day' mail, or its equivalent, upon the defendant's attorney in London[,]" and to "notify the defendant via e-mail of th[e] order and of the ordered service when it has been accomplished." Id.

The District of Massachusetts also sanctioned a similar means of service upon a defendant residing in Brazil, noting that "it is clear that service of process through diplomatic channels will be less expedient and more costly than through certified or international mail." Russell Brands, 282 F.R.D. at 25. Accordingly, the Massachusetts court "accepted Plaintiff's

proposed means of service by personal in-hand service on Defendant's Massachusetts attorney, service by email upon Defendant's Virginia attorney, and service via Federal Express at Defendant's Brazilian address." Id. at 26 (footnotes omitted). In reaching this conclusion, the court distinguished other cases which supported the argument that service of process on a Brazilian party should be made via letters rogatory. See id. at 25. Notably the Massachusetts court differentiated between cases implicating service of a subpoena, "which compels action and carries with it the full array of American judicial power," and a notice of complaint, "which simply delivers information." Id. Similarly here, plaintiff does not seek to serve a subpoena, but rather documents providing notice of the Complaint.

In addition to serving defendant's Connecticut attorney, and mailing a copy to the current address of his companies, service by email is also appropriate under the current circumstances. Here, plaintiff has submitted an affidavit that he previously communicated with defendant at the two email address to which he proposes service. See Doc. #28-1, Walsh Decl. at ¶8. Plaintiff's counsel recently sent correspondence to these same addresses and "confirm[s] that [the] email was not returned as undeliverable and presumably was delivered as addressed to Defendant." Doc. #28-2, Klingman Decl. at ¶5.

11

Accordingly, the additional step of sending by email further ensures that the alternative service comports with due process. See Fisher v. Petr Konchalovsky Found., No. 15CV9831(AJN), 2016 WL 1047394, at *2 (S.D.N.Y. Mar. 10, 2016) (where plaintiff "demonstrate[d] that the email [wa]s likely to reach the defendant, then service by email alone comport[ed] with due process" (citation and internal quotation marks omitted)); see also Rio Props., 284 F.3d at 1013, 1016 (Service of process on Costa Rican defendant by email, by mail at a claimed residential address, and on defendant's attorney was sufficient, given plaintiff's "inability to serve an elusive international defendant, striving to evade service of process.").[5]

---

[5] As acknowledged by plaintiff, see Doc. #28 at 15 n.15, although "letters rogatory are not the exclusive means of serving process in countries which are signatories to the Convention, the Fifth Circuit in Kreimerman warned that plaintiffs who opted not to utilize letters rogatory 'assume the risk that other legal principles, like the principle of international comity, might hinder their establishment of jurisdiction over the defendants' and, as relevant here, may 'discover that their failure to employ the Convention's safe harbor procedures makes enforcement of their judgments abroad more difficult or even impossible.'" Russel Brands, 282 F.R.D. at 26 n.1 (citing Kreimerman, 22 F.3d at 644). The Court notes that principles of comity are not as pronounced in this case, given: the proposed means of service; defendant's extensive ties to the State of Connecticut, and the United States, generally; defendant's United States citizenship; and the provision of the Employment Agreement at issue for exclusive jurisdiction in this Court. C.f. J.B. Custom, 2011 WL 2199704, at *4 (requiring plaintiff to "observe any provisions of Brazilian law ... that govern the service on Brazilian nationals" when serving process on two Brazilian corporations); see also Allstate Life Ins. Co. v. Linter Grp. Ltd., 994 F.2d 996, 999 (2d Cir. 1993) ("[T]he extension or denial of comity is

Plaintiff also requests an extension of time in which to serve defendant under Rule 4(m). "Although Rule 4(m) creates an exception for service in a foreign country pursuant to subdivision (f), which sets forth procedures for such service, this exception does not apply if, as here, the plaintiff did not attempt to serve the defendant in the foreign country." USHA (India), Ltd. v. Honeywell Int'l, Inc., 421 F.3d 129, 133-34 (2d Cir. 2005) (internal citation and quotation marks omitted). Nevertheless, "district courts have discretion to grant extensions even in the absence of good cause." Zapata v. City of N.Y., 502 F.3d 192, 196 (2d Cir. 2007). Here, the Court finds good cause to grant plaintiff's request for additional time to effectuate service. Plaintiff initially made a good faith effort to serve defendant and was not aware of the service deficiencies until raised by the Court. As previously discussed, the record also suggests that defendant is actively attempting to evade

---

within the court's discretion[.]); In GLG Life Tech Corp. Sec. Litig., 287 F.R.D. 262, 266 (S.D.N.Y. 2012)("Some courts have held that principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant. Inasmuch as Rule 4(f)(3) calls upon a court to exercise its discretion, however, each case must be judged on its facts. In the present case, it is difficult to see how principles of comity would be upset if alternative service is ordered on a defendant who is not a citizen of China and has voluntarily and closely associated himself with a non-Chinese entity that is already a served co-defendant." (internal citation and quotation marks omitted)).

service of process. Further, dismissing the action at this juncture under Rule 4(m) would not only be a waste of judicial resources expended to date, but would also effectively reward defendant for his attempts to evade service thus far. Accordingly, plaintiff's request for additional time to serve defendant is **GRANTED**, <u>nunc pro tunc</u>.

**4. Conclusion**

Accordingly, based on the foregoing, plaintiff's Motion for Alternate Service [**Doc. #28**] is **GRANTED**.

It is hereby **ORDERED** pursuant to Federal Rules of Civil Procedure 4(f)(3) and 4(m), that within **ten (10) days** of this Ruling, plaintiff shall cause to be served, either directly, by a Marshal, or other appropriate agent, a copy of plaintiff's June 16, 2016, Complaint [Doc. #1], June 17, 2016, Summons [Doc. #2], all introductory orders [Doc. ##3-6], all pending motions [Doc. ##11, 12], and a copy of this Ruling on defendant, Thomas St. Denis, by each of the following means:

    **(1)**    Certified mail, return receipt requested to:
           Thomas St. Denis
           Lumivisions Architectural Elements, Inc.
           1911 Banks Road
           Margate, FL 33063

    **(2)**    Certified mail, return receipt requested to:
           Heather Brown, Esq. o/b/o Thomas St. Denis
           Legal Consulting Group LLC
           45 Pine Street, 6A
           New Canaan, CT 06840

    **(3)** By email directly to defendant at the following addresses:
t_stdenis@lumivisions.net
t.st.denis@icloud.com

It is further **ORDERED** that plaintiff shall promptly file a Notice with the Court confirming the above actions, and shall thereafter file a Return of Service or otherwise submit evidence of the receipt of the foregoing.[6]

This is not a Recommended Ruling. This is an order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. See 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at New Haven, Connecticut, this 2nd day of March, 2017.

                                        /s/
                                HON. SARAH A. L. MERRIAM
                                UNITED STATES MAGISTRATE JUDGE

---

[6] On February 24, 2017, plaintiff filed an Emergency Renewed Motion for Prejudgment Remedy. [Doc. #31]. On the same day, the Court granted the emergency motion, in part, and entered an Order for Prejudgment Remedies. See Doc. ##31, 32. The Court ordered that plaintiff serve, or attempt to serve, a copy of the prejudgment remedy application, the Order for Prejudgment Remedies, the Complaint, Summons, all introductory orders, all pending motions, and any other statutorily required forms on defendant by similar means approved of in this Ruling. See Doc. #32 at 1-2. This, defendant may already have received the summons and Complaint. The Court will nevertheless require plaintiff to again serve the documents referenced in this Ruling because the originally attempted service of process via Connecticut's long-arm statute was defective.